IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MAURICE STOKES, | ) | |
|     Plaintiff | ) | C.A. No. 14-60 Erie |
| | ) | |
| v. | ) | |
| | ) | |
| CAPTAIN RISKUS, et al., | ) | Magistrate Judge Baxter |
|     Defendants. | ) | |

# OPINION AND ORDER[1]

United States Magistrate Judge Susan Paradise Baxter

## I. INTRODUCTION

### A. Relevant Procedural and Factual History

Plaintiff Maurice Stokes, a prisoner formerly incarcerated at the State Correctional Institution at Forest in Marienville, Pennsylvania ("SCI Forest"),[2] instituted this *pro se* civil rights action on February 28, 2014, pursuant to 42 U.S.C. § 1983. Named as Defendants are Captain Riskus ("Riskus"), Lieutenant Settnik (incorrectly identified as "Setnek") ("Settnik"), and Sergeant Freeman ("Freeman"), all of whom are corrections officers at SCI-Forest; Michael Overmyer ("Overmyer"), Superintendent at SCI-Forest; and John Wetzel ("Wetzel"), Secretary of the Pennsylvania Department of Corrections ("DOC"). Plaintiff also includes an unnamed Defendant identified as "Sergeant John Doe," who has not been further identified or served with the complaint in this matter.

---

[1] The parties have consented to having a United States Magistrate Judge exercise jurisdiction over this matter. [ECF Nos. 4, 8].

[2] At the time he filed his complaint, Plaintiff was incarcerated at the State Correctional Institution at Huntingdon, Pennsylvania.

Plaintiff alleges that, upon his transfer to SCI-Forest on June 25, 2013, he requested to be placed in protective custody because he had recently testified against a co-defendant in his criminal case. Despite this request, Plaintiff was processed into the Restricted Housing Unit ("RHU") and was placed by Sergeant John Doe in a cell with an historically violent inmate, who subsequently assaulted Plaintiff. Plaintiff alleges that he informed Defendants Freeman and Settnik of the assault the next morning, but they allegedly "claimed nothing could be done." Nonetheless, they placed Plaintiff in a single cell, and allegedly told him to keep his mouth shut or he would lose the accommodation and they would tell everyone he was a "snitch." Hours later, Plaintiff alleges that other inmates started calling him a "rat" and a "snitch," and they banged on his cell walls all night so he could not sleep. Days later, unnamed guards allegedly set him up by placing him in a cell next to an inmate who openly threatened him, and by allowing other inmates to throw urine and feces on him, with no consequence. Plaintiff alleges that he wrote request slips explaining his circumstances to Defendants Settnik, Riskus, and Overmyer, among others, but "they all refused to help." Finally, Plaintiff claims that Defendant Wetzel has neglected to write any policies or procedures to protect inmates in protective custody from being assaulted. (ECF No. 3, Complaint, at Section IV.C).

Based on the foregoing, Plaintiff claims that Defendants violated his rights under eighth amendment to the United States Constitution. In particular, Plaintiff claims that: (1) unnamed Defendant Sergeant John Doe failed to protect him when he was placed in a cell with a violent inmate; (2) Defendants Freeman and Settnik failed to protect him when they placed him in a single cell while threatening to tell everyone he was a snitch if he failed to keep his mouth shut; (3) unknown guards failed to protect him by placing him in a cell next to a threatening inmate

and allowing other inmates to throw urine and feces at him; (4) Defendants Settnik, Riskus, and Overmyer failed to protect him by ignoring his requests for help; and (5) Defendant Wetzel failed to protect him by failing to implement policies and procedures to protect inmates in protective custody from assault. (For ease of reference, the foregoing claims will be referred to as claims 1 through 5, respectively). As relief for his claims Plaintiff seeks monetary damages and injunctive relief.

On August 29, 2014, Defendants filed a partial motion to dismiss [ECF No. 14], seeking dismissal of all claims against Defendant Wetzel, and dismissal of Plaintiff's claims against all named Defendants to the extent they arise from the alleged conduct of unidentified Defendant Sergeant John Doe (claim 1) and other unnamed guards (claim 3). Despite being granted ample time to do so, Plaintiff has failed to file a response to Defendants' motion. This matter is now ripe for consideration.

**B.** **Standards of Review**

**1.** **Motion to Dismiss**

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)(rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 19, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556.

The Third Circuit Court has prescribed the following three-step approach to determine the sufficiency of a complaint under Twombly and Iqbal:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011), citing Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (quoting Iqbal, 129 S.Ct. at 1947, 1950); see also Great Western Mining & Min. Co. v. Rothschild LLP, 615 F.3d 159, 177 (3d Cir. 2010).

### 2. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520-521(1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

## II. DISCUSSION

### A. Personal Involvement

When a supervisory official is sued in a civil rights action, liability can only be imposed if that official played an "affirmative part" in the complained-of misconduct. Chinchello v. Fenton,

805 F.2d 126, 133 (3d Cir. 1986). Although a supervisor cannot encourage constitutional violations, a supervisor has "no affirmative constitutional duty to train, supervise or discipline so as to prevent such conduct." Id. quoting Brown v. Grabowski, 922 F.2d 1097, 1120 (3d Cir. 1990), cert. denied, 501 U.S. 1218 (1991). The supervisor must be personally involved in the alleged misconduct. Rode v. Dellarciprete, 845 F.2d 1958, 1207 (3d Cir. 1988). Section 1983 liability cannot be predicated solely on *respondeat superior*. Rizzo v. Goode, 423 U.S. 362 (1976); see also Monell v. Department of Social Services, 436 U.S. 658 (1978) (superiors of line officers who act in violation of constitutional rights may not be held liable on a theory of vicarious liability merely because the superior had a right to control the line officer's action); Robinson v. City of Pittsburgh, 120 F.3d 1286, 1293-1295 (3d Cir. 1997) (to hold police chief liable under § 1983 for violating female subordinate officer's rights, she was required to prove that he personally participated in violating the her rights, that he directed others to violate her rights, or that he had knowledge of and acquiesced in his subordinates' violations). If a grievance official's only involvement is investigating and/or ruling on an inmate's grievance after the incident giving rise to the grievance has already occurred, there is no personal involvement on the part of that official. Rode, 845 F.2d at 1208; Cooper v. Beard, 2006 WL 3208783 at * 14 (E.D.Pa. Nov. 2, 2006).

### 1. Defendant Wetzel

As Defendants correctly point out, claims 1 through 4 make no mention of Defendant Wetzel, nor do they relate to any misconduct allegedly involving him. Thus, these claims will be dismissed as to Defendant Wetzel. Claim 5 asserts that Defendant Wetzel has neglected to "writ[e] into policy any procedures to protect inmates from assault while on protective

custody…." (ECF No. 3, Complaint, at p. 6). In response, Defendants argue that there is a policy covering the handling of protective custody inmates embodied in DC-ADM 802, which governs administrative custody measures. (ECF No. 15, Defendants' Brief, at p. 5). Here, however, Plaintiff is claiming that his safety was violated because he was placed in protective custody with other inmates who were not in protective custody, but were simply in the RHU. The policy cited by Defendants does not specifically address the situation being challenged by Plaintiff. Thus, the Court finds that Plaintiff has pleaded enough to allow this claim to go forward beyond the pleading stage, as against Defendant Wetzel. Because Claim 5 is asserted solely against Defendant Wetzel, however, it will be dismissed as to all other Defendants based upon their lack of personal involvement.

## 2. Defendants Riskus, Settnik, Freeman, and Overmyer

Claim 1, regarding Plaintiff's initial placement in the RHU with a violent inmate who subsequently assaulted him, is asserted solely against unidentified Defendant Sergeant John Doe. None of the other named Defendants is mentioned in connection with this claim, nor is there any allegation that any of said Defendants had prior knowledge or acquiesced in Sergeant John Doe's alleged conduct. Thus, Plaintiff has failed to allege the personal involvement necessary to state a viable claim against Defendants Riskus, Settnik, Freeman, and Overmyer as to Claim 1.

Similarly, Claim 3 merely alleges that unnamed "guards" set Plaintiff up by placing him in a cell next to a threatening inmate and allowing other inmates to throw urine and feces at him. There is no indication that the term, "guards," is intended to refer to any of the named Defendants in this case, and the same cannot be presumed since Plaintiff has no difficulty specifically referring to the Defendants by name elsewhere in the complaint. Furthermore,

Plaintiff's later allegation that Defendants Riskus, Settnik, and Overmyer failed to respond to his request slips and/or help with his situation is insufficient to establish their personal involvement in the prior complained-of misconduct of the "guards." Since no named Defendant is implicated, Claim 3 will be dismissed.

### 3. Defendant Sergeant John Doe

The Prison Litigation Reform Act provides that:

> (b) Grounds for dismissal– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint– (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C.A. § 1915A. Under Section 1915A, not only is a court permitted to *sua sponte* dismiss a complaint which fails to state a claim, but it is required to do so. Nieves v. Dragovich, 1997 WL 698490, at *8 (E.D. Pa. 1997)("Under provisions of the Prison Litigation Reform Act codified at 28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. § 1997e(c), the district courts are required, either on the motion of a party or sua sponte, to dismiss any claims made by an inmate that are frivolous or fail to state a claim upon which relief could be granted.").

The PLRA also amended the statutory provisions with respect to actions brought by prisoners who are proceeding in forma pauperis. See 28 U.S.C. §1915(e)(2)[3]. Under this provision as well, not only is a court permitted to *sua sponte* dismiss a complaint which fails to state a claim, but it is required to do so by mandatory language. See, e.g., Keener v. Pennsylvania Bd. of Probation and Parole, 128 F.3d 143, 145 n.2 (3d Cir. 1997) (describing 28

---

[3] Title 28 U.S.C. §1915(e)(2) provides: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--(B) the action or appeal--(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from

U.S.C. § 1915(e)(2)(B) as "the PLRA provision mandating sua sponte dismissal of in forma pauperis actions that are frivolous or fail to state a claim."). In performing a court's mandated function of *sua sponte* reviewing a complaint under 28 U.S.C. § 1915(e) and under § 1915A to determine if it fails to state a claim upon which relief can be granted, a federal district court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). See, e.g., Tucker v. Angelone, 954 F. Supp. 134, 135 (E.D. Va. 1977) ("Under 28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. § 1997e(c) the courts are directed to dismiss any claims made by inmates that 'fail to state a claim upon which relief could be granted'").

As noted earlier, the unidentified Defendant Sergeant John Doe has never been served in this case, and no attorney has entered an appearance on his behalf. As a result, said Defendant will be dismissed from this case pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, as he was not served within 120 days of the date the complaint was filed in this case.

An appropriate Order follows.

---

such relief."

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MAURICE STOKES, )
       Plaintiff ) C.A. No. 14-60 Erie
)
v. )
)
CAPTAIN RISKUS, et al., ) Magistrate Judge Baxter
       Defendants. )

## ORDER

AND NOW, this 24th day of March, 2015,

IT IS HEREBY ORDERED that Defendants' (partial) motion to dismiss [ECF No. 14] is GRANTED in part and DENIED in part, as follows:

1. All claims against Defendant Wetzel are DISMISSED, except for Plaintiff's claim alleging a failure to write into policy procedures to protect the safety of protective custody inmates (claim 5), which will be allowed to proceed beyond the pleading stage; and

2. Plaintiff's claims against Defendants Riskus, Settnik, Freeman, and Overmyer, to the extent they relate to the conduct of Sergeant John Doe (claim 1), the unnamed "guards" (claim 3), and Defendant Wetzel (claim 5) are DISMISSED. All other claims against said Defendants are allowed to proceed beyond the pleading stage.

IT IS FURTHER ORDERED that, pursuant to the authority granted by the PLRA, Plaintiff's claim against unidentified Defendant Sergeant John Doe is DISMISSED for failure to prosecute, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

                                            /s/ Susan Paradise Baxter
                                            SUSAN PARADISE BAXTER
                                            United States Magistrate Judge